# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVE ROLLINS, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:16CV599JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Amended Motion to Correct Sentence Under 28 U.S.C. § 2255 filed by Movant Steve Rollins. 4:16CV599JCH, ECF 1 & 8.

On April 26, 2016, Movant, pro se, filed a document titled "Defendant's Request for Counsel." 4:16CV599JCH, ECF 1. In the case caption of the document, Movant referenced his two prior criminal cases, 4:08CR240CDP[1] and 4:08CR382JCH. Specifically, Movant stated that in light of *Johnson v. United States,* 135 S.Ct. 2551 (2015), he should not have been charged as either "a career or armed career offender" in his criminal cases. In support of this position,

---

[1] On May 9, 2018, Case No. 4:08CR240 was reassigned from the Honorable Carol E. Jackson to the Honorable Catherine D. Perry.

Movant stated that his presentence report referenced State convictions for unlawfully entering an inhabitable structure. The court docketed Movant's "Request for Counsel" as two separate § 2255 motions. 4:16CV598CDP, ECF 1; 4:16CV599JCH, ECF 1.

Notably, in *Johnson,* 135 S.Ct. at 2557-58, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (a felony that "involves conduct that presents a serious potential risk of physical injury to another," should be treated as a "violent felony") violates the Constitution's guarantee of due process.

In Case No. 4:16CV598CDP, the court addressed Movant's conviction in Case No. 4:08CR240CDP, in which Movant pled guilty to possessing a firearm as a convicted felon. At sentencing the court had found that Movant had two prior Missouri felony convictions for burglary second degree of a building and one prior felony conviction for burglary second degree of a dwelling house, in addition to two felony convictions for burglary second degree of an inhabitable structure. As such, the court found that Movant was *an armed career criminal* under the ACCA and imposed an enhanced sentence of 180 months imprisonment. In Case No. 4:16CV598CDP, the court initially denied Movant's § 2255 Motion. 4:16CV598CDP, ECF 19. Movant appealed and the parties filed a joint motion for

2

remand for resentencing in light of *United States v. Naylor,* 887 F.3d 397 (8th Cir. 2018) (en banc) (holding prior Missouri convictions for second degree burglary did not qualify as "violent felonies" under the ACCA). After the Eighth Circuit granted the joint motion, the district court ordered the probation office to prepare a "revised resentencing report." 4:08CR240CDP, ECF 84. Movant accepted the revised resentence report and was resentenced to a term of 33 months. 4:08CR240CDP, ECF 87 & 91.

The matter currently before this Court, Case No. 4:16CV599JCH, challenges Movant's sentence in Case No. 4:08CR382JCH, in which case Movant pled guilty to two counts of possession of pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C § 841(c)(2). Movant was sentenced, in Case No. 4:08CR382JCH, ECF 222, as a *career offender* under the United States Sentencing Guidelines (USSG) § 4B1.1,[2] to 151 months imprisonment, with the sentence to run concurrently with the sentence he was to serve in Case No. 4:08CR240CDP. On July 28, 2016, Movant through counsel, filed an Amended Motion to Correct Sentence Under 28 U.S.C. § 2255 which

---

[2] United States Sentencing Guidelines § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

asserts that Movant is no longer an armed career criminal in light of *Johnson* and that, therefore, his sentence is "illegal." 4:16CV599JCH, ECF 8 at 1-3. Also, on July 28, 2016, the Court ordered the Probation Office to prepare a "new Resentence Report relative to Movant's contentions under *Johnson*." 4:08CR382JCH, ECF 336. On January 11, 2018, the Government accepted the new resentence report, and no response was filed on behalf of Movant. 4:08CR382JCH, ECF 341-42. The Probation Office sent Movant a Special Investigation letter which stated that it was "the position of the probation office that [his] Career Offender status was accurately applied and [that] a new resentencing presentence report [was] not warranted." 4:08CR382JCH, ECF 344. On February 12, 2018, in the instant matter, the Government filed an Opposition to Movant's § 2255 Motion. 4:16CV599JCH, ECF 17. Movant has not filed a reply.

As stated above, *Johnson,* 135 S.Ct. at 2557-58, held that the residual clause of the ACCA is unconstitutional. Movant's sentence in Case No. 4:08CR382JCH, which is the sentence challenged in the § 2255 Motion under consideration, was not based on armed career criminal status under the residual clause of the ACCA; rather, Movant was sentenced as a Career Offender pursuant to USSG 4B1.1. The "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Villa v. United States,* 701 Fed. Appx. 534, 535 (8th Cir. 2017) (per curiam) (unpublished) (*citing Beckles v. United States,* 137 S.Ct. 886, 895

(2017)). As such, the Court finds that *Johnson,* 135 S.Ct. at 2557-58, is not applicable to Movant's sentence in Case No. 4:08CR382JCH and that, therefore, Movant's § 2255 Motion and Amended Motion are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF 1) and his Amended Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF 8) are **DENIED**, and **DISMISSED**, with prejudice and that a separate Order of Dismissal with accompany this Memorandum and Order; and

**IT IS FURTHER ORDERED** that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997).

Dated this   31st    Day of August 2018.

\s\  Jean C. Hamilton
UNITED STATES DISTRICT JUDGE